Next case this morning is United States v. Clifford, 21-8004, counsel for appellant. If you would make your appearance and proceed, please. Good morning. May it please the court, I am John Bolin on behalf of appellant Terry Clifford. Mr. Clifford pleaded guilty to the crime of possessing a firearm during and in relation to drug trafficking activities, but the district court failed to ensure that there was an adequate basis. In fact, why is this argument waived? Do you mean invited error or plain error, your honor? Both. You didn't argue plain error in your brief. Yes, your honor. Let's begin with plain error regardless. The plain error argument. We did not argue plain error in the brief because the court was perfectly aware of the problem. The district court, all that the rule, the criminal rule of procedure 52b requires is that the court, that the error be brought to the attention of the court. The court was, I'm sorry, go ahead. Yes. The court was very aware of this issue. In fact, when Mr. Clifford told the court that he possessed methamphetamine and possessed a firearm in his vehicle, the district court went on. That was not enough for the district court in this colloquy. And the district court asked Mr. Clifford why he was possessing the gun. And those answers were not satisfactory to the court. It was not. Yes. And so the court went on, but then at the end, no one suggested that where it was left was inadequate. And I was sort of stunned by the comment in your brief that there was no need to pile on because the court understood the problem. Well, it's your job. It's any lawyer's job to pile on if you need to, to make clear that the objection is preserved. I mean, at the end of that hearing, what basis did the court have to believe that the problem that it did perceive had not been adequately resolved? How did it know that? The court should have known that because the error was plain. And the government even concedes that if an error occurred here, that error would be plain. How could it be plain when both parties assured the court that there was an absolute, no problem taking the plea. And further that the methamphetamine was in the backpack with the gun. And that was conceded by the defendant. At first, your honor, there's no evidence supposed to read people's minds. First, your honor, there was no evidence before this court that the methamphetamine and the gun were in the same backpack. There's no evidence. There's no evidence. Sorry, your honor. What's what's just point to us. What basis do you have for that statement? The colloquy before the court, all that Mr. Clifford said in that colloquy was that he possessed the marijuana or the methamphetamine and that he possessed a pistol in the backpack of his truck. That's at volume three, page 32. There were a number of other things before the court too, weren't there? I mean, there was a prosecutor statement that had been outlined that the court had available to it before the actual entry of the plea. Is that not correct? Yes, your honor. That's correct. And in that statement, go ahead, please. And in that statement, there is a repeating the out of court statement of a confidential informant who said two things. The confidential informant said that Mr. Clifford had brought a weapon to drug transaction for the purpose of selling the firearm to him. Now that the rule here is that the possession must be in relation to drug trafficking activities. And that means under this court's precedent that the firearm possession must have some purpose or effect on the drug transaction. But bringing this weapon was for the purpose of selling it, not just on the record, three record 31 to 32. Yes. Mr. Clifford's counsel stepped in and explained to the court that the firearm was found in the backpack at the same time that Mr. Clifford was found in possession of the drugs. The court again confirmed Mr. Clifford answered in the affirmative and both the government and Mr. Clifford's counsel, were you Mr. Clifford's counsel? No, no, your honor. I was not. Agree that a sufficient factual basis was established. Counsel on page 33 made no objection. And then the court accepted his guilty plea. Now that's not invited error. I don't know what it is. It's not invited error because Mr. Clifford didn't control those statements by his with the statement of his counsel. Mr. Clifford. Yes. He agreed with the statement. Yes, your honor. He agreed with the statement that he possessed the firearm and that he possessed the methamphetamine in the truck at the same time. He did not agree with the statement that those were a sufficient factual basis for the court. Let's back it up. Why would he have to agree? The point was in order of preserving this error, there are some things that the defendant absolutely has to do himself. The notion of saying that there was an adequate factual basis, as I recall, is not one of them. That's a legal determination that has to be made that we're called upon to make here by you. Well, below all of this stuff played out. And at that point, at the conclusion of the hearing, again, absent the court figuring it out on its own, what basis did it have to know there was a problem? Yes, the court should have figured it out on its own because the court is the entity that is applying the facts to the law. So the court simply asking whether an attorney agrees with the legal conclusion in the end is not invited error. Counsel, counsel, could I just can we just walk through that brief colloquy in at the Senate scene hearing that Judge Kelly just referred to? I mean, you've got the court asking Mr. Sprecher whether the the fact the factual recitation was sufficient. He says that's sufficient, Your Honor. Court says, all right, Mr. Rodin is to the factual basis for count one and count six. Mr. Rodin, yes, Your Honor, you find they're sufficient. Mr. Rodin, I do. Are you saying that the court then needed to turn to Mr. Clifford and ask Mr. Clifford if it was sufficient? Is that your argument? No, Your Honor. If that isn't your argument, then why isn't that invited error? Is there any ambiguity there? Yes. In fact, that part of the colloquy, Your Honor, indicates that the district court was quite skeptical that the factual basis was sufficient. That's why he's asking Ms. Rodin that question. Why isn't the district court just doing what district judge is doing? That's making a record. Because of this entire colloquy itself, Your Honor, he begins by hearing that there was only a small amount of methamphetamine in the pistol in the truck. And the court continues. Why were you carrying that pistol? The defendant answers, I didn't want it in my house. At that point, it's obvious to the court that there is not a sufficient factual basis for possession in relation to drug trafficking activity, because that answer does not indicate that there's any purpose or effect on drug trafficking activity. I'm sorry, go ahead. And then the court goes on to say, OK, well, were you carrying it for personal safety? No, Your Honor. OK, the court is exasperated and asks, why did you have the gun? And that's when Ms. Rodin steps in. She doesn't provide any further factual basis. She simply repeats, there was methamphetamine in the truck, there was a firearm in the truck. And in addition to that, she says that his possession was... Don't ignore the plain words on the record. And Mr. Clifford agreed, confirmed that he possessed the firearm while involved in drug trafficking. Additionally, there was other information that Mr. Clifford always carried a gun during their transactions. And I just am not following your argument. Yes, Your Honor. The first point has to do with the other element of the crime, which is possession. Nobody objected. Nobody did a crime. So the first element is possession during the drug trafficking activity, which Mr. Clifford conceded. And I think that that's plain that he was possessing during the criminal conspiracy. But there isn't evidence of in relation to. And the second point Your Honor pointed out was that the statement from the confidential informant that Mr. Clifford always carried a firearm. Well, the court cannot draw the inference from that, that the purpose of always carrying a firearm was for drug trafficking activity. Our cases do exactly that. I mean, it is a tool of the trade. If he is a drug trafficker and he carries a firearm always, why isn't it a fair inference that he's doing it for the reasons most people carry firearms to protect his business activity, which is drug trafficking? It seems to me our cases have drawn specifically that inference. No, Your Honor. That inference may be produced... It may be the case, on the contrary, where we have rejected the ability to make that inference. We don't have cases on that specific point, but the inferences must be supported by some evidence in order to draw that inference. Otherwise, it's mere speculation. It's a statement of a confidential informant. I mean, what we're talking about is whether there is a factual basis. I mean, a factual basis is often established by a proffer of the prosecutor where there's no evidence presented. There's a statement of these are what the facts are. Do you agree? Yes, I agree. And so there's no evidence presented. So in this case, we've got a prosecutor's written statement in which a confidential informant is said to say he always has a gun. I mean, what other inferences are to draw from that? There are all kinds of inferences to draw from that. All right, then let me restate it. Why isn't it a reasonable inference to draw from that, that he had it to protect his drug business? And if that reasonable inference can be drawn, then why isn't that enough? Well, because there are no facts that would suggest that that inference is any stronger than any other inference. And that's why it lands in the area of speculation, Your Honor. This is not a trial, Mr. Bowen. I mean, as I said, it's not like you have to have the rules of evidence at a plea proceeding. Would you agree a prosecutor often does make a proffer at a plea proceeding? There is no evidence. Yes, Your Honor. All right, then if there's no evidence, and at that point, a prosecutor says, this is what evidence I have. Nobody introduces anything. And here the court, you know, hits his gavel and says, we're done. I mean, that happens all the time. So why wouldn't that, if that's sufficient, why wouldn't it be sufficient when you actually have something in writing where the prosecutor says, this is what the evidence is? Well, it's also, Your Honor, because of the colloquy itself that suggests that he wasn't always carrying a weapon for the purpose of drug trafficking. The colloquy actually, and the confidential informant, the confidential informant's testimony suggests to the contrary that carrying the weapon was for the purpose of selling guns. In fact, in that very sentence, he says he always carried a gun and often sold them. And the colloquy itself indicates that this particular firearm, which is the basis for this charge, when Mr. Clifford was arrested January 1st, 2020, this particular firearm, he said on the record in front of the district court, he possessed because he didn't want it in his house. He didn't want his girlfriend to have access to it. So in light of that, drawing the inference that he was possessing this weapon for purposes of drug trafficking activity is improper under the evidence before the court at that time. If there are no further questions at this- And so I've got one other question coming back to the plain error issue. Do you have a factually analogous case that would support your position that you've preserved this issue for appeal? I do not, Your Honor. However, I do want to say that even if plain error review applies, we would request the court review this under plain error, especially given the fact that the government concedes if there was an error, it was plain, and also that the government makes no argument on prong four of the plain error analysis. That is having to do with the integrity of the proceedings. Of course, you have the burden on plain error. Yes, Your Honor. So that's the only difference because what we're only talking about here is an error and whether the error substantially affected the defendant's rights, which is exactly the harmless error standard, except for the burden, Your Honor, as you mentioned. I'm sorry, Judge Kelley. Go ahead. I say except for the fact that it was never raised until a reply brief. Did you make a prong four plain error argument in your reply brief? I don't recall. I believe that we did. I'm not sure that we pointed out whether the government had made that argument. The burden is yours. It's not the government's. That's not the point. Your point on plain error, that's your burden, not the government's. So did you make such an argument? I'm not sure if we did, Your Honor. Well, I can look at the brief again. All right, fine. Let me ask you this and then I'll spot you a minute of rebuttal time. But let me ask you this. What is the import of the fact that apparently these firearms had obliterated serial numbers? Why can't that be an additional fact that the court uses to infer that there's a nefarious purpose associated with his possession of the weapons? In other words, tools of trade, which we have legions of cases on, talking about that notion. Why isn't that a legitimate fact to draw an inference that he's carrying it for the purpose of nefarious criminal activity? Your Honor, that's not the standard. Even if he was carrying the weapon and it was criminal, as in felon in possession, that doesn't suggest he was carrying it for the purpose or effect on before the court at this colloquy that this particular firearm on which the charge was based had an obliterated serial number. Okay. As I said, you'll get a minute of rebuttal time. We'll hear from the government now. Thank you, Your Honor. Good morning, Your Honors. May it please the court. My name is Jonathan Koppelman and I'm appearing on behalf of the United States. At the outset, Your Honors, it's the government's that plain air is the correct standard of review, that waiver would apply here, and that if any error did occur, it was invited by Mr. Clifford himself. Those are distinct things. You can argue an alternative if you want, but those are distinct things. Are you saying as an initial matter that there was waiver? Because if there's waiver, then ordinarily we don't review at all. Or are you saying that alternatively, that there's a forfeiture in there for plain air? I want to understand. I mean, those are two distinct things. Are you arguing both or what? Certainly, Your Honor. I'm arguing them in the alternative because this court's precedent has made it clear, and I apologize on page six of my brief, I think I cited a non-existent appellate federal rule of criminal procedure 52B. This court has left open the door to consider plain air even if waiver would otherwise apply. So we may make the argument for waiver. In the alternative, if this court were to consider under plain air review, we would assert in the alternative that any error here, if it exists, was invited error by Mr. Clifford. Does that answer your question, Your Honor? Sort of because invited error is generally viewed as a waiver principle. It's not a forfeiture principle. Invited error means it's waived. And if it's forfeited, that means that he just inadvertently didn't make an objection and therefore we're looking at it under plain air. The bottom line is you're claiming that this error was not preserved. Is that right? That's correct, Your Honor. Okay. Okay. And on that point, there was a lot of talk about you conceding that this error would be conceded that any error here would be plain? No, Your Honor. We're not conceding that. I think the exact thing the brief says is we assert there was no error. But if this court concluded otherwise, that there was in fact a violation where federal rule of criminal procedure 11B3 was not satisfied, then that would be a plain error because courts do have to have a factual basis. But we are not conceding that an error actually occurred. So turning to the sufficiency of the factual basis, Your Honor, if I may, at the outset, and I think this court has touched on it, the standard for the sufficiency of a factual basis is not beyond a reasonable doubt. It is not to a certainty. So it does not require that a defendant expressly say their exact state of mind. There just has to be, as the Fifth Circuit put it, and I know that's just persuasive authority, not binding authority. The Fifth Circuit has a rational basis in fact. And Your Honor, I would assert there is no error, even under the plain error standard of review, assuming the court ever got there, because there are sufficient facts in the record to have given the district court a rational basis in fact to believe that Mr. Clifford possessed these firearms in furtherance of his drug trafficking crimes. They are the fact he was a felon. He actually, I believe, pled guilty to being a felon in possession of a firearm. The proximity of the gun to the drugs, the obliterated serial number, the fact that people said he always had a gun, there was a rational basis in fact. So there is no error under the plain error standard of review. Finally, Your Honors, I would just briefly talk about the fact that Mr. Clifford's counsel stepped in and made a proffer. Many astute defense attorneys will often do something like this, because a defendant, when they're being questioned about their criminal conduct, they sometimes go off and talk about other criminal activity that isn't implicated by the charges. So this court, I think, should also affirm just on a policy basis, which is that when accepting a guilty plea, a district court should be able to consult all the sources, not just for its benefit, but also for the benefit of the defendant himself or herself. Unless there's any other questions, Your Honors, I would rest on the brief. Let me tease out this question of the obliterated serial number. Was there an obliterated serial number on this gun? Your Honor, I thought so, but Mr. Boland said no. I thought so as well. All right, if it's not readily available, I can find it in the record. I just was surprised by the negative response on that, because I thought there was. Let's assume for the moment there wasn't an obliterated serial number on this particular gun. The fact that I derived from the statement that had been submitted prior to the plea colloquy that that was not unusual for him to have firearms with obliterated serial numbers. That's what the C.I. said, right? Yes, Your Honor, that's correct. The C.I. said that Mr. Clifford always had a gun. I believe also it's paragraph 28 in the PSR also commented that it was indicated Mr. Clifford, he was in the business of always having guns, filing the serial numbers off, selling them, trading them. This was sort of overlaying criminal activity, and they were and your reference to the PSR, I guess, raises the question that I assume you believe that that's an appropriate basis for us to look to in determining whether there was an actual factual basis. I think that came up in Landeros-Lopez, right? Yes, Your Honor, it did. And to get there, the court would actually have to first find that there was actually error. And at that point, it's the defendant's burden to show that this plain error, if it existed, which the government doesn't concede it does, affected his substantial rights. And Landeros-Lopez says the way to do that is to demonstrate there's nothing in the record that would support his plea of guilty. So in effect, if there were error, this court could then consider the whole record and look to the PSR, the prosecutor's statements, and the undisputed facts. Because although Mr. Clifford did object to some of the enhancements, he did not object to the facts that were recited in the PSR and the prosecutor's statement. Well, let me stop you for a second. I mean, the prosecutor's statement was available to the court before the entry of the plea of guilty, right? So that's specific to the Landeros-Lopez. I mean, in other words, we can look at that in determining whether there was a factual basis for his plea, whether there was error itself, right? Yes, Your Honor, because that was information available to the district court at the change of plea hearing. Okay. Counsel, appellant points to our decision in United States versus Brown, 2005, where there, the factual basis included a gun that was loaded and sitting on the passenger seat of a vehicle containing meth manufacturing materials. Was the gun loaded here? Your Honor, I apologize. I don't know that off the top of my head. Does it matter whether the gun was loaded? I think it does matter. It's one factor to consider because a loaded weapon is more readily convertible to a device you can use to actually shoot someone if a drug deal goes wrong. Now, it's not dispositive. It's just one of the factors the court would consider. And as I mentioned, there were a lot of other factors present here that are supported by the record that support the conclusion there's a rational basis in fact that Mr. Clifford had this firearm in front of him to be drug trafficking crime. If there's nothing further, Your Honor, I would rest. Thank you. Nothing further. Hearing nothing. Thank you for the government and Mr. Boland, you've got one minute. Thank you, Your Honor. I do want to clarify on prong four of the plane error analysis. We did make an argument in the reply brief that the error would meet prong four and we cite the Carrillo case or Carrillo case, which indicates that an 11B3 error, the court said there's no doubt that that would meet prong four because of the serious nature of such an error. Well, you're aware of the rule that if you put it in your reply brief, we don't really ordinarily consider it. Yes, Your Honor, the court has discretion to consider those arguments in the reply brief. And of course, the government requested leave to file a reply if I made those arguments in the reply, or it mentioned that in a footnote that it reserved the right to do so, but the government never did so. And so I think that that issue can be and should be considered by this court. And in closing, I'd ask that the court reverse the judgment of conviction. Thank you. Thank you, counsel. Case is submitted. We appreciate the argument. Thank you.